**STATE, Plaintiff-Appellant, v. COLUMBUS GREEN CABS, Inc., Defendant-Appellee.**

Ohio Appeals, Second District, Franklin County.

No. 4430.   Decided October 18, 1950.

Herbert S. Duffy, Atty. Genl., John A. Robenalt, Asst. Atty. Genl., Columbus, for plaintiff-appellant.

Schwartz & Gurevitz, Columbus, for defendant-appellee.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court for the defendant.

The plaintiff, by its petition, in five causes of action, sought a money judgment against the defendant for the amounts of its findings against the defendant for the years 1937, 1938, 1939, 1940 and 1941.

Notice to the defendant of the findings and refusal to pay is alleged. Defendant admits that during the times set out in the petition it was an employer subject to the provisions of the Unemployment Compensation Law of Ohio, admits the findings and notice of the Bureau and admits its failure to pay. Further answering, defendant avers that the findings were based upon gratuities allegedly received by the taxicab drivers employed by the defendant and which amounts of alleged gratuities were not taken into account by defendant in determining its total payroll as reported to the Bureau of Unemployment Compensation for the period involved in the causes of action. Defendant further says that it had no control over said gratuities, never required its drivers to account for any gratuities, that they were not considered when fixing the wages of its drivers and that the rule prescribed by the Bureau for determining the amount of the alleged gratuities received by the defendant's drivers was arbitrary and unfair. Defendant generally denied all allegations of the petition not specifically admitted. No reply was filed by the plaintiff but the cause was submitted to a judge without a jury upon a stipulation of the parties.

The stipulation provided that the Bureau in its findings computed contributions due upon an estimate of the amount of gratuities received by the employees of defendant as 10 per cent of their regular wages and further

"that the figure of 10% was not based upon any actual knowledge within the possession of the Commission nor upon the basis of actual figures reflecting tips received by the drivers."

By the provisions of §1345-28 GC, the Commission had the right to make determination of the amount of contribution which the defendant should make and proof of this order by a certified copy of the findings constituted prima facie evidence of the facts therein contained. Typical of the findings attached to the petition is the statement over the signature of the Administrator for the Bureau of Unemployment Compensaion, Exhibit A, that upon due consideration of all the facts presented, * * *, the Bureau of Unemployment Compensation of the State of Ohio finds, first, that Columbus Green Cabs is indebted to the State of Ohio for Unemployment Compensation contributions as follows: then is set out the nature of the contribution under which is stated Unemployment

Compensation, the contribution period, the amount of the contribution and the amount unpaid. The second paragraph of the finding is that the employer has failed to comply with §1345-28 GC of the Ohio Unemployment Compensation Act. The third paragraph is the finding that the employer is delinquent, etc.

As we interpret the controlling section these findings standing alone are sufficient to support the regularity and validity of the determination of the Bureau that the contribution is in the amount therein set out; that it is due and payable, and would support judgment, as prayed.

**Sec. 1345-4(b) GC** provides that the Administrator shall determine the contribution rates based upon percentage of wages (or remuneration) subject to contribution and §1345-1 (f) GC provides that remuneration shall include "gratuities customarily received by an individual in the course of his employment from persons other than his employer." This latter provision clearly indicates a purpose to include gratuities received by employees as a part of remuneration or wages paid to employees and upon which, in part, the amount of the contribution should be computed. **Sec. 1345-13(a)-4 GC** requires employers to furnish information as to the amount of wages paid and other necessary information.

The Bureau is authorized to promulgate reasonable rules affecting its procedure. Rule 2 requires as a part of the necessary information to be provided that "the employer shall include as remuneration payable the amount of gratuities or tips **actually** received by each worker or the reasonable estimate thereof." (Emphasis ours.)

Manifestly, under the stipulation here the defendant failed to comply with this rule as to the amount of gratuities actually received by each worker or to make a reasonable estimate thereof.

The obligation upon the presentation of Exhibit A, the certificate of the Bureau, was upon the defendant to go forward and to meet the prima facie case made by the certificate. The defendant, having the stipulation heretofore set out made in open court, was satisfied to rely thereon.

Counsel for the State freely admits in oral argument and in brief that the sole basis of the estimate of the remuneration of defendant's employees upon which contribution could be fixed was an opinion that employees of defendant customarily received as tips 10 per cent of their wages. No other factual consideration whatever entered into the estimate. The determination not only assumed that the employees received tips but also assumed the amount thereof. We believe that

the first of these assumptions might be justified, but with no basis whatever for the second except some opinion of the amount of tips commonly given, the Bureau arrived at the 10 per cent figure. The stipulation, in our judgment, completely met the effect of the prima facie case made by the certificate of the Bureau. The rule of the Bureau, No. 2, provides that the employer in making report shall include as remuneration the amount of tips actually received by each worker or the reasonable estimate thereof. This rule is much like the present section of the Code. The estimate contemplated is that it relate to tips actually received. In our judgment, the process adopted by the Bureau did not result in a reasonable estimate of the tips actually received by defendant's employees.

We are cited to a number of cases where estimates of Unemployment Bureaus were supported, but in all instances we find some basis in fact for the computation made. That is the element which is lacking here.

The judgment will be affirmed.

MILLER, PJ, and WISEMAN, JJ, concur.